IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CR-0170-CVE |
| ANTHONY RAMON HALL, a/k/a "Tony," RONNIE DEAN HASKINS, a/k/a "Dirty Red," AARON CLAY KING, WILLIAM BENTON WILLIAMS, a/k/a "Will," MATTHEW BRIAN WAGNER, a/k/a "Red," RICHARD ALLEN ROBERTS, JR., a/k/a "Ricky, previously named as Richard Allen Roberts, ROBERT ALLEN PAUL BRYAN, RODNEY LEE BROOMHALL, a/k/a "Buddha," KRISTIN MICHELLE BRIGHT, CARL MATTHEW SMITH, TIMOTHY DUANE BUCK, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the plaintiff's Amended Motion for Continuance and to Declare Case Complex (Dkt. # 70). On November 4, 2014, a grand jury returned an indictment charging 11 defendants with conspiracy to participate in a racketeering enterprise (count one) and drug conspiracy (count two). Defendants Ronnie Dean Haskins, Aaron Clay King, Robert Allen Paul Bryan, Rodney Lee Broomhall, and Kristin Michelle Bright were also charged with committing violent crimes in aid of racketeering activity (counts three and four). Defendants Anthony Ramon Hall, Richard Allen Roberts, Jr., Carl Matthew Smith, and Timothy Duane Buck were arrested on

November 8, 2014, and they made their initial appearances on November 10 and 12, 2014. The Court Clerk has issued writs of habeas corpus ad prosequendum for defendants William Benton Williams, Matthew Brian Wagner, Bryan, and Bright. Defendants Haskins, Broomhall, and King have pending state matters and they are not yet in federal custody. Plaintiff's counsel states there is a substantial amount of discovery, including recorded interviews, thousands of pages of documents, photographs, and investigative reports. Dkt. # 68, at 2-3. Plaintiff further states that the discovery has not yet been produced to defense counsel, because plaintiff has provided the discovery materials to a contractor to organize the evidence and make it available to defense counsel in a searchable format. Id. at 3. The Court has entered a scheduling order (Dkt. ## 40, 60) setting this matter for trial on January 20, 2015. Plaintiff asks the Court to declare this matter a complex case and to continue the trial to June 2015. Counsel for defendants Hall, Roberts, Buck, and Smith have been contacted by plaintiff, and Hall and Smith object to plaintiff's request to declare this matter a complex case. Dkt. # 70, at 2.

Plaintiff states that it will take defense counsel a substantial amount of time to review the discovery, consult with their clients, and prepare a defense, and plaintiff asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 70. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to

2

grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Plaintiff asks the Court to declare this matter a complex case under the Speedy Trial Act. Plaintiff states that there is a substantial amount of discovery and the discovery has not yet been produced to defense counsel. Dkt. # 70, at 3. This is an 11 defendant case and only four of the defendants have made their initial appearances. As additional defendants make their appearances

3

before the Court, counsel for those defendants will need to time to review the discovery materials and prepare for trial. The Court notes that defendants Hall and Smith object to plaintiff's motion, but it is unclear how counsel for Hall and Smith intend to prepare a defense for their clients without reviewing the discovery materials. Plaintiff's request for a continuance is reasonable under the circumstances, considering the amount of discovery and the complex issues of fact and law that counsel for defendants must consider when preparing a defense for their clients in a multiple defendant conspiracy case. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendants' interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting plaintiff's request for a continuance.

**IT IS THEREFORE ORDERED** that plaintiff's Amended Motion for Continuance and to Declare Case Complex (Dkt. # 70) is **granted**. **This case is declared complex**. All deadlines in the scheduling order (Dkt. ## 40, 60), including the jury trial set for January 20, 2015, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | May 12, 2015 |
| Responses due: | May 26, 2015 |
| PT/CP/Motions Hearing: | **June 5, 2015 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 8, 2015 |
| Jury Trial: | **June 15, 2015 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from January 20, 2015, inclusive, to June 15, 2015, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that plaintiff's Motion for Continuance and to Declare Case Complex (Dkt. ## 68, 69) is **moot**.

**DATED** this 12th day of December, 2014.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE