UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 14-CR-170-001-CVE (17-CV-234-CVE-JFJ) |
| v. | ) ) | |
| ANTHONY RAMON HALL, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 464). Defendant argues that he received ineffective assistance of trial counsel, and he asks the Court to vacate his convictions and sentence. Under 28 U.S.C. § 2255, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**I.**

On November 4, 2014, a grand jury returned an indictment charging defendant and ten others with conspiracy to participate in a racketeering enterprise (count one), and conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine (count two).[1] Dkt. # 2. As to count one, the indictment

---

[1] The indictment also charges kidnapping and maiming (counts three and four) against other defendants.

alleged that defendant and others operated a prison gang known as the Universal Aryan Brotherhood (UAB), and the UAB engaged in acts including the distribution of drugs, kidnapping, assault, money laundering, and arson. Id. at 2. Defendant made his initial appearance on November 12, 2014, and Shannon McMurray was appointed to represent defendant. Dkt. # 37. The Court entered a scheduling order setting the jury trial for January 20, 2015. At the government's request, the Court declared the matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the trial was continued to June 15, 2015. Dkt. # 73. McMurray filed a motion to compel discovery concerning the identity of a confidential informant, and a motion to sever the trial of defendant from the trial of the other defendants. Dkt. ## 136, 138, 139. McMurray also filed a motion for a pretrial hearing to determine the admissibility of co-conspirator statements and a motion in limine to exclude evidence of defendant's gang affiliation. Dkt. ## 137, 140. Defendant appeared at the pretrial conference on June 5, 2015, as the only remaining defendant named in the indictment who had not changed his plea. See Dkt. # 191. Defendant's motion to sever was moot, and his other motions were denied. Id.

At defendant's request, a change of plea hearing was set for June 9, 2015, and defendant appeared at the hearing with McMurray. Defendant changed his plea without a plea agreement, and defendant acknowledged that he had declined a plea agreement offered by the government. Dkt. # 224, at 4-5. Defendant stated that he was pleading guilty of his own free will because he was guilty of counts one and two. Id. at 8. The Court advised defendant of the possible punishment he faced as to counts one and two, including that count two carried a statutory mandatory minimum sentence of 10 years imprisonment. Id. at 9. Defendant stated that he and McMurray had discussed how the advisory sentencing guidelines might apply to his case, and the Court advised the defendant that it

would determine whether any aggravating facts or sentencing factors applied that could increase his sentence. Id. at 12, 16. Defendant signed a waiver of his right to a jury trial. The Court read the indictment to defendant, and asked him questions about the offenses to ensure that he admitted to the essential elements of each offense. Id. at 20-34. Counsel for the government represented that defendant could be facing sentencing enhancements for making threats of violence in connection with drug trafficking, his leadership role in the conspiracy, and his criminal history. Id. at 36. McMurray stated that she had discussed these possible enhancements with defendant. Id. The Court accepted defendant's guilty plea and set a sentencing hearing for September 24, 2015. Id. at 38.

At the change of plea hearing, defendant submitted a petition to enter plea of guilty (Dkt. # 223) that was prepared with the assistance of his attorney. As to count one, defendant admitted to the following facts:

> I, Anthony Hall did between 2005 and November 2014 knowingly conspire with others to commit racketeering Acts. I was a member of the "UAB" and as a "UAB" member I did commit illegal acts to benefit the enterprise as alleged in the indictment, including but not limited to, possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine and money laundering. On or about 9/18.2013 [sic] using a cell phone I smuggled into prison, I ordered the delivery of approximately 800 grams of meth. I did knowingly participate in, either directly or indirectly, the conduct of the affairs of the racketeering enterprise. Additionally, while incarcerated I orchestrated the delivery and sale of several pounds of methamphetamine in Oklahoma City and sold in Tulsa, Oklahoma.

Dkt. # 223, at 2. These admissions by defendant also provided much of the factual basis for his guilty plea as to count two. Id. Defendant acknowledged that he faced a statutory mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment as to count two. Id. at 3. He stated that he understood that the Court would apply the advisory sentencing guidelines to determine defendant's sentence, and that "sentencing is a matter left exclusively in the province of

3

the Court." Id. at 4. The petition further states that defendant had consulted with his attorney about the charges against him and possible defenses, and he was changing his plea to guilty of his own free will. Id. at 1-2.

Defendant's sentencing hearing was continued several times, and eventually took place on April 15, 2016. Defendant stated that he had an opportunity to review the presentence investigation report (PSR) and discuss it with his attorney. Dkt. # 470, at 2. Defendant had filed an objection to the PSR, arguing that he should receive an adjustment of the offense level for acceptance of responsibility. Id. at 3. The Court rejected defendant's argument. Defendant had disclosed to the UAB the names of witnesses cooperating with the government, placing these witnesses in danger of retribution from the UAB. Id. at 4-5. Defendant was actively participating in ongoing criminal conduct, which showed that he had not terminated his criminal conduct as required to receive a reduction of his offense level for acceptance of responsibility. Id. at 6. The Court accepted the PSR and advised defendant that his total offense level was 38 and his criminal history category was VI. Id. at 7. This resulted in an advisory guideline range of 360 months to life imprisonment. The Court considered defendant's motion for a variance (Dkt. # 400), in which he sought a seven level downward variance. Id. at 13. The Court found that defendant was a high ranking member of the UAB substantially involved in acts of violence, but a sentence of 360 months would have been disparate compared with the sentences received by co-defendants. Id. at 14. Defendant's motion for a variance was granted in part, his total offense level was reduced to 35, and his variance guideline range was 292 to 365 months. Id. at 15. The Court sentenced defendant to 294 months imprisonment and five years of supervised release. Id. at 16-17.

Defendant did not file a notice of appeal, and his convictions became final when his deadline to file a notice of appeal expired. The judgment and commitment (Dkt. # 407) was filed on April 18, 2016, and his convictions became final 14 days later on May 2, 2016. On June 23, 2016, defendant filed a motion requesting that the Court compel McMurray to provide defendant a copy of his file, and the Court initially granted the motion. Dkt. ## 422, 423. However, the government filed a motion to reconsider and argued that many of the documents in defendant's file were subject to a protective order. Dkt. # 426. After allowing defendant to respond to the motion to reconsider, the Court vacated its order (Dkt. # 423) and limited the disclosure of documents to defendant in order to comply with the parties' protective order. Dkt. # 436. On May 1, 2017, defendant filed a § 2255 motion (Dkt. # 464), which contains a statement that it was placed in the prison mail on April 14, 2017. The motion was filed within one year of the date that defendant's convictions became final, and the Court finds that defendant's motion (Dkt. # 464) is timely under § 2255(f)(1). The Court ordered the government to respond to defendant's § 2255 motion. Dkt. # 466. The government has filed a response (Dkt. 473) and defendant has filed a reply (Dkt. # 476),[2] and defendant's § 2255 motion is ripe for adjudication.

## II.

Defendant's § 2255 motion alleges two claims. First, defendant argues that McMurray provided ineffective assistance of counsel by failing to adequately prepare for plea negotiations, file a motion to suppress or a motion to dismiss, prepare for sentencing, and by advising defendant not

---

[2] Defendant requests an evidentiary hearing in his reply, which has been docketed as a separate motion for evidentiary hearing (Dkt. # 478).

5

to file a notice of appeal.[3] Dkt. # 464, at 4. Second, defendant argues that counsel for the government withheld exculpatory evidence and threatened potential witnesses who could have testified on behalf of defendant. Id. at 5. However, defendant alleges no facts in support of his claims and the government argues that defendant's conclusory allegations are insufficient to show that there is a reasonable probability that defendant is entitled to relief. Dkt. # 473, at 8-10.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's

---

[3]  The Court has liberally construed defendant's § 2255 motion, and he does not argue that he specifically requested McMurray to file a notice of appeal. His allegations concern only McMurray's advice that defendant should not file a notice of appeal, and there are no allegations that McMurray failed to file a notice of appeal upon a request to do so by defendant. Defendant's conclusory allegation of "error in advising client not to appeal final sentence" does not show that McMurray was ineffective.

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

Defendant alleges that McMurray provided ineffective assistance of counsel, but he alleges no specific facts in support of his claims. Ground one of defendant's motion states that:

> counsel failed to investigate leads, interview witnesses prior to plea recommendations, subpoena witnessess [sic], failed to bring attention to the Court as to mitigating witnessess [sic] and evidence, failed to compel and review all relevant prosecution evidence prior to plea, failure to discuss content of PSR with defendant and lodge relevent [sic] objections prior to sentencing, failure to object to final sentence as unreasonable, error in advising client not to appeal final sentence, failure to communicate with client, failure to file motion to suppress, failure to file constitutional challenge to conspiracy statute of RICO act, and attorney conflict of interest.

Dkt. # 464, at 4. Ground two of defendant's motion consists of a similar list of conclusory allegations, as he states that:

> Prosecutor witheld [sic] and failed to reveal exculpatory evidence that would have affected the degree of Movant's culpability. Prosecutor also threatened potential witnessess [sic] who could have spoken to defendant's innocense [sic] and/or lack of involvement.

Id. at 5. There is no supporting brief or affidavit attached to defendant's § 2255 motion, and these conclusory allegations are the entirety of defendant's claims. The Court is not required "to fashion [d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994). In this

7

case, a review of the record shows that McMurray filed pretrial motions to exclude evidence, compel discovery, and sever defendant's trial from that of his co-defendants. Dkt. ## 136, 137, 138, 139, 140. McMurray also filed a motion (Dkt. # 400) for a downward variance before the sentencing hearing and filed objections to the PSR, and the Court granted the motion for variance in part. The Court takes into account the strength of the government's case against defendant, and there was substantial evidence that defendant was a high-ranking member of the UAB who was integral in the drug trafficking and acts of violence carried out by that organization. See Dkt. # 470, at 14. Many of defendant's complaints about McMurray's performance are directly contradicted by the record and defendant's own admissions. For example, defendant now claims that McMurray failed to review the PSR with defendant before his sentencing hearing, but he specifically admitted at his sentencing hearing that he had met with his attorney to discuss the PSR. Dkt. # 470, at 2. Defendant makes no specific allegations concerning McMurray's allegedly deficient pretrial preparation, and he not identified a single witness that was not interviewed by McMurray. The Court has independently reviewed the record, including McMurray's filings on defendant's behalf, and finds no factual basis to infer that McMurray was negligent or unprepared at any stage of the case.

The Court finds that defendant's vague and conclusory allegations of ineffective assistance of counsel do not state a colorable claim for relief, and his § 2255 motion should be denied without an evidentiary hearing. McMurray filed motions on defendant's behalf and successfully obtained a downward variance for defendant at his sentencing hearing, and there is no evidence in the record supporting defendant's vague allegations that McMurray was ineffective. In his reply (Dkt. # 476), defendant could be arguing the Court should hold an evidentiary hearing to allow him to develop factual support for his arguments. However, "[d]istrict courts are not required to hold evidentiary

8

hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." United States v. Moya, 676 F.3d 1211, 1214 (10th Cir. 2012) (quoting United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004)). Defendant has made no specific allegations that would support a claim of ineffective assistance of counsel, and the Court is not required to hold an evidentiary hearing to allow defendant to develop factual support for conclusory claims of ineffective assistance of counsel.

### III.

The Court has considered each of the claims raised in defendant's § 2255 motion (Dkt. # 464) and finds that his motion should be denied in its entirety. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Dkt. # 464) is **denied**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that defendant's motion for an evidentiary hearing (Dkt. # 478) is **denied**.

**DATED** this 12th day of February, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE