# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 14-CR-0170-001-CVE |
| ANTHONY RAMON HALL, a/k/a Tony, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Petition for Writ of Audita Querela (Dkt. # 507). Defendant argues that the Court imposed an excessive sentence "based on an erroneous belief that drug offenders pose a significant danger to the community," and he asks the Court to vacate his sentence. Dkt. # 507, at 1. Defendant claims that he can proceed under the common law writ of audita querela, but he wholly fails to address whether he would be permitted to proceed with a second or successive § 2255 motion.

On November 4, 2014, a grand jury returned an indictment charging defendant and ten others with conspiracy to participate in a racketeering enterprise (count one), and conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine (count two). Dkt. # 2. As to count one, the indictment alleged that defendant and others operated a prison gang known as the Universal Aryan Brotherhood (UAB), and the UAB engaged in acts including the distribution of drugs, kidnapping, assault, money laundering, and arson. Id. at 2. Defendant pled guilty to counts one and two without a plea agreement, and he was sentenced to 294 months imprisonment. Dkt. ## 221, 407. Defendant did

not file a direct appeal challenging his convictions or sentence, but he did file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 464). The Court found that defendant's allegations of ineffective assistance of counsel were vague and conclusory, and Court denied his motion and also declined to issue a certificate of appealability. Dkt. # 482. Defendant sought a certificate of appealability from the Tenth Circuit Court of Appeals, but his request was denied. Dkt. # 496. Defendant has now filed a motion arguing that his sentence was substantively unreasonable, and he claims that he is entitled to extraordinary relief under a writ of audita querela. Dkt. ## 507, 508.

Before the Court can review the merits of defendant's motion, he must show that he is authorized to seek relief under the All Writs Act, which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. However, common law writs, such as the writ of error coram nobis and writ of audita querela, are extraordinary remedies which are allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable-

generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996). The writ of audita querela is similar but not identical to the writ of error coram nobis. A writ of error coram nobis is used to "attack a judgment that was infirm [at the time it issued], for reasons that later came to light," while a writ of audita querela "is used to challenged 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" United States v. Torres, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

Defendant has not shown that this Court has the authority to grant relief under the All Writs Act. A writ of audita querela is not the appropriate avenue for relief when asking a federal court to vacate or set aside a criminal conviction or sentence that the defendant is currently serving. Id. at 1245. Instead, defendant must seek relief under § 2255. Defendant filed a § 2255 motion (Dkt. # 464) asserting ineffective assistance of counsel claims, and his motion was denied. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246. The fact that defendant does not meet the criteria to file a second or successive § 2255 motion does not show that § 2255 is an inadequate remedy. Caravalho, 177 F.3d at 1179 ("the mere fact [that defendant] is precluded from

3

filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate"). Defendant's exclusive remedy to challenge the validity of his conviction or sentence is a § 2255 motion, and he may not rely on the All Writs Act to avoid the requirements for filing a second or successive § 2255 motion.

The Court finds that defendant's motion (Dkt. # 507) should be construed as a second or successive § 2255 motion. The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). The Court has reviewed defendant's motion (Dkt. # 507) and finds that there is no risk that a meritorious claim will be lost absent transfer to the Tenth Circuit. Defendant could have raised all of the arguments challenging the reasonableness of his sentence on direct appeal or in his original § 2255 motion, and he has not identified any ground

4

under which the Tenth Circuit would likely permit him to proceed with a second or successive § 2255 motion. The Court declines to transfer defendant's motion to the Tenth Circuit.

Even though the Court lacks jurisdiction over defendant's motion, the Tenth Circuit has directed district courts to consider whether a COA should be issued when a second or successive § 2255 motion is dismissed. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that Petition for Writ of Audita Querela (Dkt. # 507) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**DATED** this 16th day of December, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE